NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCAS LEMUS-GONZALES, AKA Carlos Hacon, AKA Carlos Roberto Hacon, AKA Lucas Lemus-Gonzalez, AKA Carlos Mallen-Laines, AKA Carlos Roberto, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-73019 Agency No. A200-681-833 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2019**
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,*** District Judge.

After Lucas Lemus-Gonzales was placed in removal proceedings and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

conceded removability, an immigration judge ("IJ") denied Lemus-Gonzales's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") dismissed Lemus-Gonzales's appeal. We have jurisdiction of this petition for review under 8 U.S.C. § 1252 and deny the petition.

1. The IJ did not err in concluding that Lemus-Gonzales's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(2)(B). The application describes a continuation of the events that prompted Lemus-Gonzales to leave Guatemala in 2002, but that is merely "[n]ew evidence confirming what [he] already knew . . . [and] does not constitute changed circumstances." *Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016). And, Lemus-Gonzales also demonstrated no extraordinary circumstances justifying the approximately ten-year delay in filing his application. *See* 8 U.S.C. § 1158(a)(2)(D).

2. Substantial evidence supports the conclusion that Lemus-Gonzales failed to demonstrate a nexus between any alleged persecution by a gang and his family social group. *See* 8 U.S.C. § 1231(b)(3)(A). The IJ's conclusion that family membership was irrelevant to the gang's pecuniary and personal motivations was supported by substantial evidence. Substantial evidence supports the IJ's conclusion that Lemus-Gonzales was the victim of "harassment by criminals motivated by theft," which "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d

2

1007, 1016 (9th Cir. 2010); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) ("[P]urely personal retribution is, of course, not persecution on account of [a protected ground].") (quoting *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000)).

3. Substantial evidence supports the IJ's conclusion that Lemus-Gonzales did not demonstrate it is more likely than not that he would be tortured if returned to Guatemala. *See* 8 C.F.R. § 1208.16(c)(2). Any past mistreatment did not arise to the level of torture and the threat of future robberies "does not provide a sufficient basis to conclude that any harm . . . would rise to the level of torture." *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).

**PETITION DENIED**